IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cr-30113-DWD |
| ) | |
| TRENTYN D. LOUVIER-GIBSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge**:

Before the Court is Defendant's Third Motion for the Return of Property. (Doc. 71).

On February 29, 2024, Defendant filed a First Motion for the Return of Property, indicating his iPhone 2 was taken by the Illinois State Police upon his arrest at the beginning of this closed case. (Docs. 57 & 58). Defendant sought the return of the iPhone, but it was unclear who possessed that property. (Docs. 57 & 58). On March 15, 2024, the Government filed a Response, indicating Defendant's request was premature because, although "[l]aw enforcement did seize a black Apple cellphone," it could have constituted evidence in another pending case and was subject to other claims of ownership. (Docs. 59 & 60) (citing *U.S. v. Starr*, No. 23-cr-30114-DWD (S.D. Ill.)). The Government informed the Court that it would return all property to lawful owners upon the resolution of the pending case. (Doc. 60). Based on those representations, the First Motion for the Return of Property was denied without prejudice. (Doc. 60) (citing *U.S. v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010) (stating Federal Rule of Criminal Procedure

1

41(g) "authorizes the judge presiding in a criminal case to order the government to return property of the defendant that is in its possession if it has no reason to continue holding the property"); *Kramer v. U.S.*, No. 15-cv-420, 2017 WL 1250427, *2 (S.D. Ill. April 5, 2017) ("Under Rule 41(g), a prisoner may seek the return of property seized by the United States during his criminal case where the property is no longer needed as evidence and where the property has not been forfeited in the criminal proceedings.")).

On January 24, 2025, Defendant filed a Second Motion for the Return of Property, again seeking the return of his iPhone. (Doc. 67). Defendant argued the Government's reasoning for not returning the iPhone was "null and void, if not frivolous," because: (1) nobody else came forward to claim the iPhone; (2) the iPhone was no longer needed as evidence in another case; and (3) he adequately provided proof of ownership of the iPhone. (Docs. 67 & 70). The Government filed a Response, stating it no longer needed to retain the iPhone. (Docs. 69 & 70). However, the iPhone was seized from a common area of a house that, *inter alia*, had 4 total residents. (Docs. 69 & 70). To avoid civil litigation and dueling claims of ownership, the Government suggested that all claimants to such property provide reliable proof of ownership, *e.g.*, a receipt. (Docs. 69 & 70). The Government explained, "[w]hen law enforcement attempted to verify [Defendant's] ownership of the cell phone, [he] declined to provide the passcode to the phone." (Docs. 69 & 70). Therefore, the Government could not reliably verify Defendant's ownership claim, but it informed Defendant that he could "claim the cell phone by calling…[and] provid[ing] [an] indicia of ownership to the Illinois State Police." (Docs. 69 & 70).

2

On January 30, 2025, the Court found the Government's representations as to the need to reliably prove the ownership of the iPhone, *e.g.*, via the presentation of a receipt, IME code, or password, were reasonable and could moot Defendant's Motion. (Doc. 70) (citing Fed. R. Crim. P. 41(g); *Norwood*, 602 F.3d at 832; *Kramer*, 2017 WL 1250427 at *2; *U.S. v. Clifford*, 297 F. Supp. 2d 308, 309-11 (D. Maine 2003); *Sanchez-Butriago v. U.S.*, Nos. 00-cv-8820 & 89-cr-644-2, 2003 WL 21649431, *4-6 (S.D. N.Y. July 14, 2003)). As such, the Second Motion for the Return of Property was denied without prejudice. If Defendant renewed his request due to the persistence of the ownership issue, he had to present evidence of ownership for the Court to consider. (Doc. 70) (citing Fed. R. Crim. P. 41(g)).

In the Third Motion for the Return of Property, which does not present evidence of Defendant's ownership of the iPhone, as previously ordered, Defendant states, among other things, that: "I was told to call ISP [and] given a number from Ms. Hudson…. When I had my loved one call[,] she was told they weren't sure what she was talking about. I'd like to know the location of my phone so I can send my loved one there [to] unlock it as proof its mine." (Doc. 71). Defendant also desires for his loved one to take possession of the cellphone so that he has it upon his release from custody. (Doc. 71). The Government filed its Response to the Third Motion the day after it was filed by Defendant, stating:

> The Illinois State Police case agents were Agent Webb and Agent Harbison. The ISP case number was 22-41652600492. The reports reflect evidence was stored at the ISP Du Quoin headquarters. ISP Du Quoin has public lobby hours from 8:00a.m. to 4:00p.m. at 1391 S. Washington Street Du Quoin, Illinois. The general public telephone number is (618) 542-2171. [This is a different telephone number than the one supplied to Mr. Gibson privately.]

3

(Doc. 72).

Now, the parties are **ADVISED** that the Court desires a basis on which to finally resolve this issue. It is not tenable for the parties to continue filing motions and responses on a relatively simply issue without progress toward a resolution. The Government admits it no longer needs the iPhone and it was not forfeited. *See* Fed. R. Crim. P. 41(g).

Therefore, in light of the Response, Defendant is **DIRECTED**, if he still desires and believes it necessary, to utilize the guidance provided by the Government in the above quotation. Defendant is **REMINDED** that the Government has represented something akin to a receipt, IME code, *or* password can provide an indicia of ownership. (Docs. 69, pg. 2 n. 2; 70). Also, on or before **June 30, 2025**, Defendant is **FURTHER DIRECTED** to file a Reply to the Government's Response, wherein he shall describe his efforts to collect the iPhone and whether or not they were successful. If necessary, the Court may direct a Surreply by the Government. Defendant is **ADVISED** that the Court will consider the matter resolved and, by extension, enter an Order denying the Third Motion for the Return of Property as moot, if he fails to timely file the Reply. Defendant is **FURTHER ADVISED** that any future Motion for the Return of Property, filed without the necessary proof of ownership of the iPhone or a description of his efforts to collect that iPhone from the ISP, will be summarily denied. *See* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion."); *Clifford*, 297 F. Supp. 2d at 309-11 (finding a denial of a defendant's motion for the return of personal property was warranted because, *inter alia*, he did not demonstrate ownership of the personal

4

property at issue when stating "the items were 'the possessions of others in the household and should therefore be returned in order for the items to be returned.' "); *Sanchez-Butriago*, 2003 WL 21649431 at *4-6 (finding, while the Government has the initial burden of justifying the continued possession of personal property under Rule 41(g), a denial of the plaintiff's motion to compel the return of property was warranted because, *inter alia*, he "ha[d] proven neither his ownership of nor the existence of" the personal property).

**SO ORDERED**.

Dated: May 29, 2025.

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Court Judge
